**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2012

No. 10-40613

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR FLORES HERNANDEZ also known as Oscar Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-501

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Oscar Flores Hernandez appeals the sentence imposed after he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. Hernandez contends that the district court erred in categorizing his prior conviction for first degree criminal sexual conduct under MINN. STAT. ANN. § 609.342(1)(e)(i) as a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40613

The Minnesota judgment identifies the statute of conviction as MINN. STAT. ANN. § 609.342(1)(e), and the charging instrument specifies the offense as a violation of § 609.342(1)(e)(i). *See United States v. Carbajal-Diaz*, 508 F.3d 804, 807-10 (5th Cir. 2007). Section 609.342(1)(e)(i) reads:

> A person who engages in sexual penetration with another person . . . is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:
>
> ( . . . )
>
> (e) the actor causes personal injury to the complainant, and either of the following circumstances exist:
>
> (i) the actor uses force or coercion to accomplish sexual penetration . . . .

MINN. STAT. ANN. § 609.342(1)(e) (West 1995).[1] The Guidelines' notes for § 2L1.2 enumerate types of offense that count as "crime[s] of violence."[2] "[E]ven if an enumerated offense does not include an element of force, it remains a crime of violence precisely because it is enumerated." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2002). Among the enumerated offenses are "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced) . . . ."[3] Because that language encompasses every realistic way one could violate § 609.342(1)(e)(i), we hold that a § 609.342(1)(e)(i) offense is a "crime of violence" for purposes of U.S.S.G. § 2L1.2. *See United States v. Hernandez-Galvan*, 632 F.3d 192, 196-97 (5th Cir. 2011).

The district court's judgment is AFFIRMED.

---

[1] We use the Minnesota statute in effect on June 23, 1995, the date Hernandez committed the Minnesota offense.

[2] U.S.S.G. § 2L1.2, application note 1(B)(iii) (Nov. 1, 2009).

[3] *Id.*